# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2073 | **DATE** | 3/29/2002 |
| **CASE TITLE** | Futuresource LLC vs. Reuters Limited, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Oral argument on plaintiff's motion for temporary restraining order held and plaintiff's motion is granted. Accordingly, a temporary restraining order is entered against Reuters to maintain status quo between the parties. This order shall remain in effect for 10 days to and including April 12, 2002. Plaintiff may petition this court by April 12, 2002 to extend this TRO for another such 10 day period with good cause shown. Plaintiff shall post security in the amount of $300,000.00 in conjunction with the entry of this temporary restraining order. Status hearing set for 4/12/02 at 10:00 a.m. Enter Memorandum Opinion and Order. Also enter Order for entry of Temporary Restraining Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 0 1 2002 | |
| ✓ | Notified counsel by telephone. | | date docketed | 18 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | 02 MAR 29 PM 2:36 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FUTURESOURCE LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 02 C 2073 |
| REUTERS LIMITED; REUTERS SA; and REUTERS AMERICA, INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

In March, 1999, FutureSource/Bridge LLC, an Illinois corporation, entered a contract with Bridge Information Systems, Inc., a Missouri corporation, under which Bridge granted FS/B an exclusive license to sell a desktop software called BridgeStation Products to commodity traders and others. The contract (referred to herein as the Intercompany Agreement) was still in effect when Bridge declared bankruptcy under chapter 11 of the United States Bankruptcy Code in 2001. The Trustee in bankruptcy sold most of Bridge's assets to Reuters Ltd. and related companies, specifically including BridgeStation software. Schedule 1A. The Reuters contract excluded "All interests held, directly or indirectly, by [Bridge] .... in Future Source/Bridge LLC and the entire assets, including all contracts relating thereto, and business operations thereof." Schedule 2.1(b), par. 3. Section 2.7(a) of the Reuters contract purported to exclude all obligations of Bridge that relate to any of the Excluded Assets. Clearly, therefore, Reuters attempted to avoid any responsibility



for its obligation to provide software under the Intercompany Agreement. The Reuters contract was approved by the bankruptcy court in September, 2001 (as I understand it, preliminary approval was given in May, but changes were thereafter made and final approval did not come until September 21, 2001).

In August, 2001, the Trustee purported to sell to MoneyLine Network, Inc. Bridge's interest in the Future/Source/Bridge license. Thereafter, Future/Source and Reuters entered into an agreement in September, 2001, for a short duration, under which Future/Source purchased rights to use the BridgeStation software from Reuters. When Reuters announced that it would not continue the agreement, and began contacting Future/Source customers, Future/Source sued. This court has jurisdiction pursuant to 28 U.S.C. § 1332. Future/Source argues that Reuters is interfering with its contractual relationships with its customers and also that Reuters must continue providing the BridgeStation software under Section 365 of the Bankruptcy Code because notwithstanding Reuters' attempts to avoid any obligations under the 1999 contract, according to Future/Source Reuters did not follow proper procedure for rejecting the contract, which would have given Future/Source certain rights. The answer is a matter of bankruptcy law.

Future/Source argues that it had to receive notice that the contract was going to be rejected, which of course it did not

2

because the contract was instead assumed and transferred. It did receive notice of certain bid procedures, but it is unclear that the notice was specific enough to charge it with knowledge of the contract provisions. Furthermore, prior to final approval of the contract, the bankruptcy court had approved the transfer of the Intercompany Agreement to MoneyLine. Reuters was given notice of the Trustee's assumption of the Intercompany Agreement and its assignment to MoneyLine. Under 11 U.S.C. § 365, since the agreement was not rejected, it remains in effect. Accordingly, Reuters remains obligated under the contract. See e.g., *In re Novon International, Inc.* 2000 WL 4332848 (W.D.N.Y. 2000).

Since, as I understand the law applicable to the conflicting claims and interests of the parties, Future/Source seems likely to prevail, it has met the first requirement for issuance of a temporary restraining order against Reuter's interference with its contracts with its customers. The remaining criteria for issuance of a temporary restraining order are well known and are met in this case. *See, e.g., Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). Plaintiff has no adequate remedy at law and will suffer irreparable harm if the order is not granted. The balance of hardships also favors plaintiff since without the order, it will immediately lose its contractual relationships. Nor if the public interest likely to be adversely affected by grant of the order. (Reuters has not argued that any

of these requirements are not met, arguing only that Future/Source has not shown a likelihood of success on the merits.) Accordingly, the temporary restraining order will issue. If Reuters believes there are factual issues that could affect the grant of a preliminary injunction (as it seemed to indicate at the hearing today), it shall identify them within one week. Otherwise, this order will be extended to a preliminary injunction at the end of ten days since the parties have had sufficient time to brief the legal issue.

**ENTER ORDER:**

*[signature]*

**Elaine E. Bucklo**
**United States District Judge**

**Dated: March 29, 2002**

4

DOCKETED
APR 0 1 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FUTURESOURCE LLC, )
)
        Plaintiff, )
) Cause No.: 02 C 2073
v. )
)
REUTERS LIMITED; REUTERS SA; and )
REUTERS AMERICA, INC., )
)
        Defendants. )

### [PROPOSED] ORDER FOR ENTRY OF TEMPORARY RESTRAINING ORDER

This cause coming to be heard on Plaintiff FutureSource LLC's ("FutureSource") Motion for Temporary Restraining Order and Preliminary Injunction against Defendants Reuters Limited, Reuters SA, and Reuters America, Inc. (collectively "Reuters"), due notice having been given, the parties being represented by counsel, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED THAT:

1. FutureSource has established the likelihood of a license to sell the commodities information products described in the Verified Complaint as the Bridge Products;

2. Reuters, pursuant to FutureSource's licenses for the Bridge Products, is obligated to provide the Bridge Products to FutureSource's customers;

3. Reuters intends to cease providing the Bridge Products to FutureSource's customers after April 1, 2002;

4. If Reuters cuts off service of the Bridge Products to FutureSource's customers, it would be interfering with FutureSource's license rights and customer contracts;



5. In addition, Reuters has solicited FutureSource's customers to have them contract with Reuters for provision of the Bridge Products after March 27, 2002;

6. Reuters' conduct will cause FutureSource to lose customers to Reuters and other third party competitors;

7. FutureSource is likely to succeed on the merits of its claim for tortious interference with contract and breach of contract against Reuters;

8. FutureSource is without an adequate remedy at law. Due to the loss of its customers, FutureSource will suffer irreparable harm if a Temporary Restraining Order is not granted;

9. In weighing the harms to each party from the entry of the Temporary Restraining Order, the Court finds that FutureSource will suffer more if the requested relief is not granted than Reuters will suffer if it is granted; and

10. The public interest weighs in favor of the entry of the Temporary Restraining Order and Preliminary Injunction.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. A Temporary Restraining Order shall be entered against Reuters to maintain the *status quo* between the parties;

2. Reuters shall be enjoined from terminating its provision of the Bridge Products to FutureSource's customers. Reuters must continue to provide the Bridge Products, and all necessary services therewith, in a timely and professional manner to FutureSource's customers;

3. Reuters is enjoined from soliciting or contacting FutureSource's customers in any fashion;

4.  This Temporary Restraining Order shall remain in effect for ten (10) days to and including April 12, 2002, in accordance with Rule 6. FutureSource may petition this Court by April 12, 2002 to extend this Temporary Restraining Order for another such ten (10) day period of time with good cause shown;

5.  FutureSource shall ~~not~~ be required to post security *in the amount of $300,000* in conjunction with the entry of this Temporary Restraining Order;

6.  This matter is set for status on April *12*, 2002. *at 10:00 a.m.*

             ENTERED:         *Elaine E. Bucklo*
                              The Honorable Judge Elaine E. Bucklo

             DATED:            *3/27/02*

127077v1

3